UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

FILED
JUN 27 2005
U.S. DISTRICT COURT
EASTERN DISTRICT OF MO

| | |
|---|---|
| FOREMOST INSURANCE GROUP, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 4:05CV01008 |
| ANDREW CYGAN, | ) JURY TRIAL DEMANDED |
| Serve: 309 Rose Marie Ct.<br>St. Peters, Missouri 63115 | ) |
| CYNTHIA CYGAN, | ) |
| Serve: 104 Steve Drive<br>Wright City, Missouri 63390 | ) |
| Defendants. | ) |

### COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW Plaintiff, Foremost Insurance Group, by and through its attorneys Brown & James, P.C., and for its Complaint for Declaratory Judgment, states to the Court the following:

### I.   Parties and Jurisdiction

1.   Plaintiff, Foremost Insurance Group ("Foremost") is a foreign corporation organized and existing under the laws of the State of Michigan, with its principal place of business in Grand Rapids, Michigan, and authorized to conduct business in the State of Missouri.

2.   Defendant, Andrew Cygan (hereinafter "Mr. Cygan") is a citizen of the State of Missouri and maintains a principal place of residence in St. Peters, Missouri.

3.   Defendant, Cynthia Cygan (hereinafter "Ms. Cygan") is a citizen of the State of Missouri and maintains a principal place of residence in Wright City, Missouri.

4. This Court has diversity jurisdiction over Plaintiff's action pursuant to 28 U.S.C. § 1332 (a)(1), as the parties are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

5. Venue is proper pursuant to 28 U.S.C. § 1391(a)(2) because the events giving rise to the claim occurred at 1194 Summerwood Drive in Saint Peters, Missouri, which is within the judicial district of the Eastern District of Missouri.

6. Foremost brings this action seeking a declaration of the parties' rights and obligations under insurance Policy No. 381-0065130821-01 issued to Andrew and Cynthia Cygan.

7. An actual judicial controversy exists between Foremost and Andrew and Cynthia Cygan and the resolution of the matters raised in this declaratory judgment action will dispose of all issues and disputes between the parties.

8. All necessary and proper parties are before the Court for the matter in controversy, and there is no other litigation between the parties concerning their rights and obligations under the Policy at issue.

## II. General Allegations

9. Plaintiff issued a homeowner's insurance policy, Policy No. 381-0065130821-01 (hereinafter "Policy"), to Andrew and Cynthia Cygan (hereinafter collectively "Defendants") with a policy period of July 27, 2003 through July 27, 2004. A copy of the policy is attached hereto and incorporated by reference as Exhibit 1.

10. The Policy was intended to insure the Defendants' home and personal property located at 1194 Summerwood Drive, Saint Peters, Missouri 63376 (hereinafter "Property") against certain risks, including the risk of loss by fire.

11. On December 8, 2003, an incendiary fire occurred at the Property resulting in damage to the dwelling and a loss of certain contents therein.

12. Defendants presented a claim for insurance proceeds to Foremost that exceeded $75,000.00, exclusive of interest and costs.

13. On May 23, 2005, Ms. Cygan pled guilty to Second Degree Arson pursuant to *North Carolina v. Alford*, 400 U.S. 25 (1970) in Saint Charles County Circuit Court and was sentenced for intentionally setting the December 8, 2003 fire.

14. Both Defendants are barred from recovery and there is no coverage under the Policy because the fire causing the loss was intentionally set by, or at the direction of, Ms. Cygan.

15. Therefore, coverage is specifically excluded pursuant to the Policy language set forth in the following exclusion:

> **SECTION 1 – EXCLUSIONS**
>
> We do not insure loss caused directly or indirectly by any of the following. Such loss is excluded regardless of any other cause or event contributing concurrently to the loss.
>
> 1. Loss intentionally caused by any of you or performed at any of your direction.

16. Both Defendants are barred from recovery and there is no coverage under the Policy because Ms. Cygan failed to comply with Policy conditions. Specifically, Ms. Cygan intentionally concealed or misrepresented material facts or circumstances, engaged in fraudulent conduct and/or made false statements regarding the cause of the fire occurring on December 8, 2003, and the facts and circumstances surrounding said fire.

17. The Policy contains the following condition:

> **CONDITIONS**

3

    2.    **Concealment or Fraud.** The entire policy will be void if any of you:

        a.    Intentionally conceal or misrepresent any material fact or circumstance;
        b.    Engage in fraudulent conduct; or
        c.    Make false statements;

    whether before or after a loss or claim relating to this insurance.

18. Foremost hereby denies any and all coverage and liability to Defendants Andrew and Cynthia Cygan under the Policy for the reasons set forth herein.

19. Ms. Cygan has pled guilty to, and has been sentenced for, intentionally setting fire to the Property covered under the Policy.

20. As a result of Ms. Cygan's intentional, criminal acts Foremost paid the mortgagee, U.S. Bank, $75,288.82 in satisfaction of its interest in the Property.

21. Foremost is entitled to judgment for the amount of damages it has sustained as a direct result of Ms. Cygan's intentional criminal acts.

22. Foremost is reserving and preserving all rights and defenses under the Policy and the law, including, but not limited to, its right of recovery, recoupment and/or set off of any and all sums that have been paid by Foremost to third persons on behalf of Defendants under the Policy.

23. Should judgment be entered in favor of Foremost and against Defendants in this action for declaratory judgment, Foremost respectfully requests the right to reserve a separate hearing before this Court regarding the damages it has sustained.

WHEREFORE, Plaintiff Foremost Insurance Group, prays this Honorable Court declare the rights of the parties under the aforementioned Policy of insurance and to enter judgment finding, adjudicating and declaring: (1) that said Policy of insurance provides no coverage as to either Defendant as a result of Ms. Cygan's intentional criminal acts; (2) that said Policy of insurance

provides no coverage as to either Defendant as a result of Ms. Cygan's concealment and/or misrepresentations in the presentation of the claim; (3) that said Policy of insurance provides no coverage for either Defendant as a result of Ms. Cygan's fraudulent conduct; (4) that said Policy of insurance does not render Foremost liable to either Defendant for any claim made by either Defendant, or for any proceeds claimed under said Policy of insurance; (5) that Foremost is entitled to reimbursement and/or set off from Defendants of all sums paid to third persons on Defendants' behalf as well as attorney's fees, expenses and costs herein expended; (6) that Foremost is entitled to a separate hearing to determine the amount of damages it has sustained; and (7) that Foremost is entitled to such other and further relief as this Court deems just and proper under the circumstances.

Respectfully Submitted,

*signature*

David P. Bub   #37128
BROWN & JAMES, P.C.
1010 Market Street, 20th Floor
St. Louis, Missouri  63101-2000
dbub@bjpc.com
(314) 421-3400
(314) 421-3128 – Fax

*Attorneys for Plaintiff Foremost Insurance Group*